774 F.2d 422
 Larry G. WRIGHT d/b/a Snake River Spraying Service,
Plaintiff-Appellant,
v.
NO SKITER INCORPORATED a/k/a No Skeeters Incorporated and
Carbon County Weed and Pest Control District,
Defendants-Appellees.
 No. 84-2311.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 2, 1985.
 
 Harold F. Buck, of Kline & Buck, Cheyenne, Wyo. for plaintiff-appellant.
 Steve D. Noecker, of Johnson, MacPherson & Noecker, Rawlins, Wyo. for defendants-appellees.
 Before MOORE, BREITENSTEIN and MCWILLIAMS, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The case is therefore submitted without oral argument.
 
 
 2
 Appellant-plaintiff filed suit on December 27, 1983, claiming deprivation of his federal civil rights. Appellees-defendants moved to dismiss for failure to state a claim on which relief can be granted. The United States District Court for the District of Wyoming granted the motion and dismissed the case. Plaintiff appeals. We affirm in part and reverse in part.
 
 
 3
 The plaintiff is a dusting pilot engaged in the weed and pest control business in Savery, Wyoming. Defendant, No Skiter Incorporated, is a private, nonprofit corporation under Wyoming law. Defendant Carbon County Weed and Pest Control District is a public corporation organized under the Wyoming Weed and Pest Control Act of 1973, Wyo.Stat.Ann. Sec. 11-5-101 et seq., to control weeds and pests in Carbon County, Wyoming.
 
 
 4
 In 1982, No Skiter advertised for bids for spraying. It received five proposals. The lowest was by Mountain Air Spraying Company of Colorado at $1.28 per acre. Plaintiff's bid was $1.35 per acre. The job was awarded to Mountain Air. In 1983, the plaintiff's bid was $1.20 per acre. The contract was again awarded to Mountain Air which had bid $1.27 per acre.
 
 
 5
 Plaintiff claims that because he was the lowest Wyoming bidder, he should have been awarded the contract. Wyo.Stat.Ann. Sec. 16-6-102 provides:
 
 
 6
 "Whenever a contract is let by the state, any department thereof, or any county, city, town, school district or other public corporation of the state for ... any public work or improvements, the contract shall be let, if advertisement for bids is not required, to a resident of the state. If advertisement for bids is required the contract shall be let to the responsible resident making the lowest bid if the resident's bid is not more than five percent (5%) higher than that of the lowest responsible nonresident bidder." [Emphasis supplied.]
 
 
 7
 In 1982, plaintiff's bid was more than 5% higher than the Colorado bid and, under the specific terms of the statute, he would not have been entitled to the contract. In 1983, he made the lowest bid.
 
 
 8
 Under Rule 12(b)(6), Fed.R.Civ.P., failure to state a claim upon which relief can be granted if matters outside the pleadings are presented to, and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In the case at bar such matters were presented to, and not excluded by, the court. On motion for summary judgment, the evidence must be construed in favor of the party opposing the motion. Thomas v. United States Department of Energy, 10 Cir., 719 F.2d 342, 344 (1983).
 
 
 9
 Plaintiff claims that he has a property right under the preference act which entitles him to the bid under 42 U.S.C. Sec. 1983. Under that section, plaintiff must establish that he was denied a federal, constitutional, or statutory right under color of state law, custom, or usage. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. Plaintiff had no more than a unilateral expectation of the right given him by the Wyoming statute recognizing the preference which must be given to Wyoming residents. As was said in Roth, supra, 408 U.S. at p. 577, 92 S.Ct. at 2709:
 
 
 10
 "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."
 
 
 11
 To establish a right under the Wyoming preference act, the plaintiff must show that the spraying contract was let by a "public corporation." The spraying contracts for the two years in question were made by No Skiter Incorporated. No Skiter is a private, nonprofit, Wyoming corporation. R. 105. The affidavit of Grieve, an officer and director of No Skiter, says, R. 63:
 
 
 12
 "That the funds used to conduct the mosquito spraying program are derived from public participation of funds, private donations, and assessments for areas actually sprayed. No Skeeters received funds from Carbon County Weed and Pest Control District for the years of 1982 and 1983, based upon a participation program wherein Carbon County Weed and Pest Control District approved a request of funds submitted by No Skeeters Incorporated based upon the total number of acreage for which mosquitoes were sprayed. In 1982 the amount of funds contributed by Carbon County Weed and Pest Control District was 44% of the total funds used to provide the program. In 1983 it was 51%. Private contributions for 1982 and 1983 made up 48% and 39% of the budget respectively. The funds allocated by Carbon County Weed and Pest Control District are allocated after the spraying program is completed and the total acreage submitted."
 
 The district court held, R. 121:
 
 13
 "That defendant's receipt of substantial amounts of public funding is not adequate to convert its status to that of a public corporation for purposes of this Section 1983 action."
 
 
 14
 We agree. Plaintiff has not established his claim under Sec. 1983.
 
 
 15
 The district court lumped together the plaintiff's claims under Secs. 1983, 1985(2), and 1986 and rejected them all. In so doing we think that it erred. In its Order on Final Pretrial Conference, the district court noted, R. 105:
 
 
 16
 "Plaintiff alleges defendant Weed and Pest Control's conduct was motivated by a desire to exclude plaintiff in order to retaliate against him for having previously sued it for employment discrimination."
 
 
 17
 Plaintiff in his deposition testified as to a conversation he had with Grieve, an officer and director of No Skiter, after his low bid for 1983 was rejected. Plaintiff said, R. 103:
 
 
 18
 "He [Grieve] said that the County Weed and Pest told him that if they hired me for the mosquito spraying, that No Skeeters would not get any cost share from the County Weed and Pest."
 
 
 19
 Plaintiff had been employed by defendant Carbon County Weed and Pest Control District. In 1981, he was terminated. In 1983, he filed a wrongful discharge action under Sec. 1983 in the federal district court for the district of Wyoming. That action was settled in early 1983 by defendant paying plaintiff $20,000.00. Plaintiff claims that the reason his low bid for 1983 was not accepted was a retaliatory action taken because of his bringing of that suit. On March 2, 1983, Cindy Wright, wife of plaintiff, signed a general release of Carbon County Weed and Pest Control District in consideration for the payment of $20,000.00. R. 66-67.
 
 
 20
 Kimble v. D.J. Duffy, Inc., 5 Cir., 623 F.2d 1060, 1064-1065 (1980), holds that Sec. 1985(2) contains four clauses that create four distinct causes of action. These are:
 
 
 21
 "A. If two or more persons conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, ... or
 
 
 22
 B. to injure such party or witness in his person or property on account of his having so attended or testified, or
 
 
 23
 C. if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or
 
 
 24
 D. to injure him or his property for lawfully enforcing ... the right of any person, or class of persons, to the equal protection of the laws."
 
 
 25
 In that case plaintiff filed suit under Sec. 1985(2). He had previously filed suit in federal court for personal injuries and recovered judgment. With reference to what it had designated as Clause B of Sec. 1985(2), the court said, Kimble, supra, 623 F.2d at 1068:
 
 
 26
 "Congress undoubtedly intended to protect the whole course of justice, not just one segment of the system, the trial process. Thus, for the purposes of Section 1985(2) an individual is deemed to have 'attended' a court of the United States from the moment that the person files a complaint. Congress certainly did not exceed constitutional bounds when it provided that an individual 'attends' federal court when a complaint is filed.... It is beyond question that Congress has the power to do what it did in the first part of Section 1985(2)--protect the federal system from efforts to obstruct justice."
 
 
 27
 The court held, Kimble, supra, 623 F.2d at 1070: "These plaintiffs have a cause of action under Section 1985(2), clause B that survives summary judgment."
 
 
 28
 In Brown v. Chaffee, 10 Cir., 612 F.2d 497 (1979), Brown sued alleging unhappiness with the defense in another suit brought against him in federal court where the court found him liable. We said, Brown, supra, 612 F.2d at 502:
 
 
 29
 "What Brown is really saying here is that the attorneys did not ask him the right questions to present an effective defense, but he does not know what those questions might be. The same allegation could be made by a losing party in virtually every case. We would have to ignore completely the clear language of the appropriate portion of section 1985(2) to hold this wrong actionable."
 
 
 30
 Plaintiff's claim here is that the defendants conspired to defeat his low bid for the 1983 contract in retaliation for his bringing the federal suit for violation of Sec. 1983 which was settled. In Irizarry v. Quiros, 1 Cir., 722 F.2d 869, 871-872 (1983), the court said,
 
 
 31
 "The instant facts fall within section 1985(2)'s prohibitions. Plaintiffs have proved that they were denied reemployment because they previously had instituted legal actions to vindicate their federal rights.... If, as must be the fact, the commerce power supports the FLCRA, it must equally justify penalizing those who would restrain its exercise by retaliation."
 
 
 32
 We agree.
 
 
 33
 Plaintiff also asserts a claim under 42 U.S.C. Sec. 1986. This section depends on the existence of a valid claim under Sec. 1985. Brown v. Chaffee, supra, 612 F.2d at 502. Because plaintiff asserts a valid claim under Sec. 1985(2), his reliance on Sec. 1986 is also valid.
 
 
 34
 The claim of retaliation under Sec. 1985(2) raised a factual issue which could not be determined on a motion for summary judgment. Maughan v. SW Servicing, Inc., 10 Cir., 758 F.2d 1381, 1387 (1985).
 
 
 35
 The order of the district court dismissing the plaintiff's claims under Sec. 1983 is affirmed. The order dismissing the plaintiff's claims under Secs. 1985(2) and 1986 is reversed and the case is remanded.