**ANDERSEN–MYERS CO., INC., Plaintiff,**

v.

**Nick ROACH; Ira Maxwell; and Columbia Laundry Machinery Co., Defendants.**

**Civ. A. No. 86–2056–S.**

United States District Court, D. Kansas.

Feb. 25, 1987.

Phelps-Chartered, Fred W. Phelps, Topeka, Kan., for plaintiff.

Robert D. Kroeker, Linda Dickens, for Columbia Laundry Machinery Co.

Sildon & Kroeker, P.C., Kansas City, Mo., Richard T. Merker, Wallace, Saunders, Austin, Brown & Enochs, Chtd., Overland Park, Kan., for Ira Maxwell.

Adele Ross Vine, Billy E. Newman, Topeka, Kan., for Nick Roach.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the defendants' several motions to dismiss or for summary judgment. Plaintiff, an unsuccessful bidder on several state contracts, alleges that defendant Roach unlawfully awarded the contracts to defendant Columbia Laundry Machinery Company ["Columbia"] because of Roach's friendship

with defendant Maxwell, who is a director, officer, and shareholder of Columbia. Defendants now move for judgment on plaintiff's claims.

The following facts are uncontroverted for purposes of the present motions. Several times during the years 1983–85, the State of Kansas utilized the bidding process to purchase laundry equipment for use at various state facilities. Pursuant to Kansas statute, K.S.A. 75–3739, the state official in charge of handling such bids is the director of purchases, in this case defendant Roach. On at least three occasions during this time period plaintiff submitted a lower bid than defendant Columbia, but in each of those instances Columbia was awarded the contract. Although plaintiff alleges numerous illegalities and asserts that Columbia did not always submit conforming bids, the principal allegation is that Roach improperly awarded the contracts based on his relationship with defendant Maxwell. Plaintiff instituted the present lawsuit on February 10, 1986, stating causes of action for violation of the civil Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, violation of plaintiff's due process and freedom of association rights pursuant to the United States Constitution and 42 U.S.C. § 1983, and a pendent state law cause of action for fraud.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, —— U.S. ——, ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show

triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(a) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, —— U.S. ——, ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In considering a motion to dismiss, the factual allegations of the complaint must be taken as true and all reasonable inferences must be indulged in favor of the plaintiff. *Mitchell v. King*, 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson*, 489 F.2d 877 (10th Cir.1974). A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The court will first address defendants' challenge to plaintiff's section 1983 claim. Plaintiff alleges that the defendants' surreptitious conduct in performance of the above-mentioned bidding process constituted a taking of plaintiff's property without due process of law, in violation of the fourteenth amendment. Plaintiff also argues that defendants' conduct constitutes a punishment or penalty for plaintiff's not being within defendant Roach's favored group of friends, in violation of the first amendment freedom of association. Plaintiff claims that the wrongful acts were done under color of state law in violation of 42 U.S.C. § 1983. Defendants deny that plaintiff had any constitutionally protected property

interest, or that any cognizable associational rights were violated.

Under 42 U.S.C. § 1983, the plaintiff must establish that he was denied a federal, constitutional, or statutory right under color of state law, custom, or usage. *Wright v. No Skiter Inc.*, 774 F.2d 422, 424 (10th Cir.1985). Plaintiff first claims that defendants deprived plaintiff of a property interest without due process, in violation of the fourteenth amendment to the United States Constitution. The *Wright* court stated the following concerning constitutionally enforceable property interests:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Id.* (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). Defendants claim that at most, plaintiff had a unilateral expectation of receiving the bid. Plaintiff contends that Kansas statutory law, K.S.A. 75–3740 (requiring awards of state contracts to go to the lowest responsible bidder) creates the basis for an entitlement to the state contract, which in turn establishes a constitutionally enforceable property interest.

The question of whether a disappointed low bidder for a state contract has a property interest in being awarded the contract has been addressed by few courts. Chief Judge O'Connor of the District of Kansas has recently spoken on this issue. In *Gilbert Central Corp. v. Kemp*, 637 F.Supp. 843 (D.Kan.1986), Judge O'Connor indicated that a Kansas statute which requires contracts to be awarded to the lowest responsible bidder *may* create an enforceable property right. Because state law establishes property rights under the due process clause, *see Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), Judge O'Connor turned to Kansas law. He cited *Sutter Brothers Construction Co. v. City of Leavenworth*, 238 Kan. 85, 708 P.2d 190 (1985), in which the Kansas Supreme Court held, under an analogous "lowest responsible bidder" statute, that an unsuccessful bidder is entitled to " 'injunctive relief preventing the award of the contract to one not legally entitled thereto.' " 637 F.Supp. at 864 (quoting *Sutter Brothers*, 238 Kan. at 92, 708 P.2d at 196). Although Judge O'Connor assumed for argument's sake that a plaintiff could establish a property right in such a case, he expressly avoided deciding that the Kansas statute and the *Sutter Brothers* opinion did in fact grant a disappointed bidder a property interest in the public contract. *See* 637 F.Supp. at 864. Therefore, the issue remains unsettled in this District. The Tenth Circuit, in the *Wright* case, touched briefly on this issue, but that case was decided under the "color of state law" requirement, and the court did not hold that a state procurement statute can establish the level of entitlement needed to constitute a protected property right under the United States Constitution.

In a case just decided, the Tenth Circuit addressed this issue extensively. In *Curtis Ambulance of Florida, Inc. v. Board of County Commissioners*, 811 F.2d 1371 (10th Cir.1987), the court pointed out the disagreement among federal courts as to the existence of a constitutionally protected property interest in a bidder's entitlement to a governmental contract or other benefit. See slip op. at 8–9 and cases cited therein. The court also quoted the following statement concerning constitutional property interests:

> When state law provides that a given benefit which constitutes "property" or "liberty" ... shall be conferred upon those who take the requisite procedural steps and meet the requisite substantive standards, the right of an individual who has taken the requisite procedural steps to have his claim of entitlement to the benefit decided, not arbitrarily, but in accordance with state law, itself constitutes an interest protected by the due process clause.

*Id.* at 1377 (quoting *Hixon v. Durbin*, 560 F.Supp. 654, 661 (E.D.Pa.1983)). Again, however, the Tenth Circuit expressly avoided deciding whether "a disappointed bidder can have a constitutionally protected, albeit

narrow, property interest," slip op. at 12, because the court could find no provisions of state law that could possibly give rise to such an interest. *Id.* at 1377–78. Under the peculiar facts of *Curtis Ambulance,* the Board of County Commissioners had the obligation, pursuant to its own local resolution, to award certain contracts to the lowest responsible bidder, with certain exceptions. One of those exceptions was for professional service contracts. The Tenth Circuit held that a contract for ambulance service was a "contract for the provision of professional services" and thus exempt from the lowest responsible bidder requirement. *Id.* at 1378–79. Therefore, the Tenth Circuit has never reached the issue that is now before this court.

"[T]he majority rule bar[s] an unsuccessful bidder from bringing an action against public contracting officials." *Sowell's Meats and Services, Inc. v. McSwain,* 788 F.2d 226, 228 (4th Cir.1986). The essential facts in *McSwain* were identical to those in the present case: "The plaintiff alleged that it submitted the lowest responsible bid, but that the contract had been awarded to the high bidder, arbitrarily, thereby violating the plaintiff's rights under the due process and equal protection clauses of the Fourteenth Amendment, as well as state law." *Sowell's Meats and Services, Inc. v. McSwain,* 618 F.Supp. 140, 143 (D.S.C. 1985), *aff'd,* 788 F.2d 226 (4th Cir.1986). Both the district court and the court of appeals held that the plaintiff had no property interest in the contract. The district court indicated that even if a plaintiff shows that a state law was violated, he still may not acquire standing to assert a property interest:

[A] constitutional violation may not be made out merely by showing a breach of the provisions governing the award of the contract. As stated in *Three Rivers:*

Recognition of the fact that the violation of the law is not, ipso facto, a deprivation of due process to all persons affected thereby is fundamental to an understanding of procedural due process. The due process clause is a narrow, personalized guarantee which only protects against the deprivation

of one's own *liberty* and *property;* it is not a catchall provision designed to promote the interest of society generally in the obedience of its laws.

618 F.Supp. at 145 (quoting *ARA Services, Inc. v. School District of Philadelphia,* 590 F.Supp. 622 (E.D.Pa.1984) (quoting *Three Rivers Cablevision v. City of Pittsburgh,* 502 F.Supp. 1118, 1128 (W.D.Pa. 1980)). Like the Tenth Circuit in *Curtis Ambulance,* however, the *McSwain* court, as well as most of the courts on whose opinions *McSwain* relies, dealt with a factual situation in which no state statute or other state or local rule specifically limited the exercise of the state procurement official's discretion in awarding the particular contract. *See* 618 F.Supp. at 146. In the present case, Kansas does have such a statute, and it applied directly to the contracts in question. It requires that the bid go to the lowest responsible bidder. Therefore, the question of a property right must be viewed in the context of such a statute.

The Tenth Circuit in *Curtis Ambulance* discussed at length a case involving such a statute. In *Three Rivers Cablevision v. City of Pittsburgh,* 502 F.Supp. 1118 (W.D. Pa.1980), the district court had before it a state statute requiring bids to go to the lowest responsible bidder. The court stated:

[I]n the circumstances of this case a property interest of relatively narrow dimension exists. Simply stated, that interest was the right of the lowest responsible bidder in full compliance with the specifications to be awarded the contract once the city in fact decided to make an award. The due process to which one possessing the protected interest was entitled was the non-arbitrary exercise by the city of its discretion in making the award. And it follows that a deprivation of the substantive benefit (the protected property interest) without the process due is an actionable wrong.

*Id.* at 1131. The court agrees with this statement of law.

The court finds that K.S.A. 75–3740, coupled with the *Sutter Brothers* opinion, sufficiently establish a legitimate

claim of entitlement for a bidder to be awarded a state contract if he submits the lowest responsible bid. This claim of entitlement qualifies as a property interest under the due process clause of the fourteenth amendment. The Tenth Circuit's opinions in *Wright* and *Curtis Ambulance* (*see* 811 F.2d at 1384) clearly imply such a right when the state has a direct statutory limitation on the discretion of procurement officials in awarding state contracts. When a state has this type of statute, one who submits the lowest bid and fulfills all the requirements of being a "responsible" bidder certainly has more than a unilateral expectation of being awarded the bid. State law requires award of the contract to that person and the Kansas Supreme Court has afforded the unsuccessful bidder immediate injunctive relief in the Kansas courts to enforce the lowest bidder's entitlement to the contract. These constitute "rules or understandings that secure certain benefits," *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709, through which the State of Kansas has created a legitimate claim of entitlement within the United States Supreme Court's definition of a property interest. This holding is not meant to imply that plaintiff was in fact the lowest responsible bidder on any of the bids. The court merely holds that *if* it was in fact the lowest responsible bidder, the plaintiff has a potential due process claim. The court should add that the availability of a remedy in the courts of Kansas does not foreclose a plaintiff from bringing a section 1983 action. There is no general exhaustion of state remedies requirement, at least when that alternative state remedy is through court-ordered injunctive relief as opposed to being a step in the administrative process that denied a plaintiff his property interest in the first place. *See L & H Sanitation, Inc. v. Lake City Sanitation, Inc.*, 585 F.Supp. 120 (E.D.Ark.1984), *aff'd*, 769 F.2d 517 (8th Cir.1985).

The parties have also briefed the issue of agency, *i.e.*, whether the defendants were agents of one another, as alleged by the plaintiff. This issue is unnecessary to plaintiff's cause of action, because the United States Supreme Court has stated that "[p]rivate persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). Therefore, legal allegations pertaining to agency are superfluous to the merits of plaintiff's claims as long as plaintiff can show "joint engagement" as described in the *Dennis* case.

■ In addition to the due process claim, plaintiff bases its section 1983 cause of action on an alleged violation of the first amendment right of freedom of association. The court agrees with defendants that this claim has no merit. Plaintiff has not demonstrated that it engaged in any form of association protected by the constitution. *See Roberts v. United States Jaycees*, 468 U.S. 609, 617–18, 104 S.Ct. 3244, 3249, 82 L.Ed.2d 462 (1984) (discussing alternative forms of protected association). Even assuming that plaintiff was penalized because Farrell Anderson, president of plaintiff, was not one of defendant Roach's friends, it offends established principles of constitutional law to argue that someone's freedom of association has been violated, especially when the plaintiff in this lawsuit is a corporation.

■ Next are defendants' motions for summary judgment on plaintiff's RICO cause of action. Plaintiff has extensively briefed the issue of whether a RICO claim requires only one or more than one "scheme" to fulfill the "pattern of racketeering activity" requirement. Its arguments on this point are academic, because the court finds that the complaint and the existing evidence suggest multiple schemes to defraud, at least for purposes of surviving summary judgment. If plaintiff fails to state a RICO cause of action, it is on grounds other than the pattern requirement. Plaintiff also has shown sufficient injury to its business, a requirement in 18 U.S.C. § 1964(c), as the previous discussion of property interests demonstrates. If plaintiff's allegations are true, plaintiff has shown that it was illegally denied certain state contracts and has suffered lost profits as a result. Whether plaintiff would

have received the state contract absent any alleged favoritism on the part of defendant Roach is an issue of fact not adjudicable at this stage of the case.

The court agrees with defendants that plaintiff's complaint fails to plead the underlying basis for the RICO claim with the necessary specificity and particularity. Even if the court adopts plaintiff's view of the liberality of Federal Rule of Civil Procedure 9(b) and its fraud-pleading requirements, plaintiff's mere unsubstantiated claims of wire and mail fraud fall far short of apprising defendants of sufficient facts upon which to defend this lawsuit. Moreover, plaintiff fails to properly identify the enterprise through which the pattern of racketeering activity was conducted. Although defendants make numerous additional valid objections to plaintiff's RICO claim, the court believes that granting plaintiff's request to amend its complaint is preferable to dismissal. Therefore, the court will allow plaintiff to file an amended complaint within ten days of the date of this order. In its amended complaint, plaintiff must: (1) plead with sufficient particularity the fraud or other wrongful acts that establish racketeering activity; (2) specify the time, date and content, or similar factual background, of any mail and wire fraud acts that constitute racketeering activity; and (3) identify, demonstrate the existence of, and define the scope of an enterprise through which the racketeering activity was conducted, and indicate the role of each particular defendant (treating them separately with specific allegations as to each one) in the conduct of the enterprise. Upon plaintiff's filing of its amended complaint, defendants may include with their answers a request to renew their motions to dismiss or for summary judgment, and may also file supplementary briefs to address the contents of the amended complaint. Therefore, for purposes of the present Memorandum and Order, defendants' motions for summary judgment or to dismiss will be denied as they relate to the three particular issues enumerated above.

Defendants Maxwell and Columbia also argue that plaintiff has failed to adequately plead conspiracy and a nexus between defendants and the alleged enterprise through which racketeering activity was conducted. The latter objection should be addressed by plaintiff's amended complaint. Also, because the complaint reveals no allegations of conspiracy, the court will dismiss the former argument as moot.

■ Defendant Roach claims that he is not a person within the meaning of 18 U.S.C. § 1962(c), and therefore cannot be sued for a RICO violation. "Person" is defined as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3) (1982). Plaintiff offers cases refuting Roach's argument, *see, e.g., United States v. Frumento,* 563 F.2d 1083 (3d Cir.1977) (holding that state agencies are subject to RICO), but Roach points out that each of these cases are criminal, not civil actions, and that the policy underlying Civil RICO does not warrant extension to state officials acting in an official capacity. Roach also argues that in his official capacity, he is incapable of holding an interest in property. The court finds no reasonable basis upon which to hold that the one definition of "person" as stated in section 1964(c) encompasses different classes of people or entities depending on whether the case is a civil or criminal suit. The statute makes no such distinction and neither can this court. Furthermore, the statute does not limit the definition of person in the manner alleged by Roach.

Defendant Roach extends his argument to the more general question as to whether a state agency can be the "enterprise" through which racketeering activity is conducted. Although plaintiff alleges in its brief that the enterprise in the present case is an association-in-fact of all three defendants, its complaint is less than informative as to exactly what "enterprise" existed. The court's earlier directive concerning amendment of plaintiff's complaint should help make the matter a little less ambiguous as to whether the plaintiff is alleging the state purchasing director's office as the enterprise, or whether the enterprise is merely an informal association of defendants operating in fact as an enterprise. It

will suffice here to note that the definition of enterprise "unambiguously encompass[es] governmental units." *United States v. Angelilli*, 660 F.2d 23, 33 (2d Cir.1981), *cert. denied*, 455 U.S. 945, 102 S.Ct. 1442, 71 L.Ed.2d 657 (1982).

■ Defendant Roach also contends that because plaintiff is entitled to neither equitable nor legal relief, its RICO claim should be dismissed. The *Sutter Brothers* court demonstrated the equitable relief to which plaintiff is entitled, *see* 238 Kan. at 92, 708 P.2d at 196, although the RICO statute does not provide for equitable relief. The court has already discussed the fact that plaintiff could demonstrate injury in the form of damages—the profit lost when it failed to receive a contract to which it was potentially entitled under Kansas law. Roach's argument on this point is without merit.

■ Defendant Roach further argues that plaintiff lacks standing to address alleged RICO violations against persons other than the plaintiff. Certainly, the plaintiff may not recover damages for these other violations, but it is permitted to raise their existence in order to establish the "pattern" requirement. Plaintiff is the real party in interest in that it alleges wrongful conduct peculiarly directed at it.

Finally, defendants move to dismiss plaintiff's common law fraud cause of action. Because the court has retained the section 1983 claim, defendants' grounds to dismiss this claim based on their desired dismissal of the federal causes of action are without merit. However, because plaintiff has been directed to plead its fraud claims with more particularity, defendants' motions as they relate to the substantive requirements of pleading fraud may be renewed in the same manner as that outlined above.

■ Defendant Roach also argues that the two-year statute of limitations for fraud, K.S.A. 60–513(a)(3), has run on any fraud cause of action arising before February 10, 1984. Plaintiff claims that the fraud could not reasonably have been discovered prior to January 1986, when plaintiff learned of fraud in connection with one of the bids. Defendant Roach contends that Kansas statutory law requires all bid records and documents to be open for public inspection. *See* K.S.A. 45–215 to –225 (1986) (Kansas Open Records Act). Therefore, defendant argues that the claims of fraud should have accrued immediately upon each bid being announced. The court finds that any cause of action for fraud arose upon public announcement of the particular contract award. It was then that plaintiff should reasonably have known that its bid, which plaintiff obviously considered "responsible," was in fact lower than the winning bid and therefore was wrongfully rejected by defendant Roach. Plaintiff would then be under a duty to ascertain the reason why it had submitted the lowest responsible bid and yet had not received the contract. Therefore, plaintiff is precluded from recovering for any improper contract awards for which plaintiff was capable of receiving notice, prior to February 10, 1984, that its lower bid was rejected in favor of a higher bid.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motions for summary judgment or dismissal of plaintiff's section 1983 claim be denied. IT IS FURTHER ORDERED that defendants be granted summary judgment as to any cause of action that is based on a fraudulent contract award for which announcement was made by the state prior to February 10, 1984. IT IS FURTHER ORDERED that defendants' motions for summary judgment or dismissal on plaintiff's RICO and common law fraud claims be denied. Plaintiff is directed to file an amended complaint consistent with this Memorandum and Order within ten (10) days of the date of this order. Defendants are directed to file any desired renewal of or supplements to their dispositive motions on the RICO and common law fraud claims simultaneously with the filing of their answers to plaintiff's amended complaint.