Lewis RICE, Appellant–Plaintiff,

v.

SCOTT COUNTY SCHOOL DISTRICT, Appellee–Defendant.

No. 72A01–8801–CV–00010.

Court of Appeals of Indiana, First District.

Aug. 4, 1988.

---

---

David A. McCullough, New Albany, B. Hume Morris, Ray & Morris, Louisville, Ky., for appellant-plaintiff.

Mark D. Gerth, Kightlinger & Gray, Indianapolis, for appellee-defendant.

ROBERTSON, Judge.

Lewis Rice appeals a summary judgment ruling in favor of the defendant-appellee, Scott County School District.

We affirm.

Rice initiated this action alleging in a two-count complaint that in early February, 1985, the School District published notice that it would accept bids for certain bus routes including the Johnson and Lexington shuttle routes. Rice averred that the School District's transportation director and a second employee of the School District told him on two separate occasions that bids would not be accepted on the Johnson and Lexington shuttle routes despite information to the contrary in the bid notice and attached specifications.

Rice discovered when the bids were opened and read that others had submitted bids on the Johnson and Lexington shuttle routes and he sought permission to submit a bid on the Johnson routes. The school board refused to reopen the bidding and proceeded to award contracts. Rice alleged that the actions of the School District in awarding contracts on the shuttle routes after it knew Rice and others were given erroneous information was arbitrary, capricious and an abuse of discretion.[1]

In count I, Rice sought an injunction prohibiting the enforcement of the contracts and in count II, he alleged that he had relied upon the intentional representations made by the School District's officials, that he had been damaged by his reliance and would suffer lost income by not having received one of the shuttle bus contracts. The School District moved to dismiss count II of the complaint, arguing that Rice failed to give notice of his tort claim as required by the Indiana Tort Claims Act, IND. CODE 34-4-16.5-7. The

trial court granted the motion and no error was raised from this ruling. Instead, Rice amended his complaint adding two new counts, and withdrew his request for injunctive relief.

Rice averred in count III that the School District's legal notice and oral representations upon which he had relied created a "unilateral, quasi or implied contract" which the School District breached by failing to accept or consider Rice's bid. Rice averred in count IV that he was "denied procedural due process by the defendant which failed to afford plaintiff an opportunity to bid upon the aforesaid bus and shuttle routes" and that "the deprivation of [his] constitutionally protected rights of procedural due process have damaged him in the sum ... representing lost income."

The School District moved for summary judgment. It argued with respect to count III that no contract had been formed, and that Rice's sole remedy for a violation of his federal constitutional rights was an action based upon the civil rights statute, 42 U.S.C. § 1983. In the alternative, the School District argued that Rice's constitutional claim sounded in tort and was barred by the Indiana Tort Claims Act.

Rice states two issues for review in this appeal.

1. Did the trial court err in granting the School District's motion for summary judgment in that plaintiff had a valid cause of action for denial of due process?

2. Did the trial court err in concluding that Rice's suit was barred by his failure to comply with the notice provisions of the Indiana Tort Claims Act?

On appeal from a grant of summary judgment, this court applies the same standard of review as does the trial court. *Matter of Estate of Belanger* (1982), Ind. App., 433 N.E.2d 39, 42, *trans. denied.*

*Metropolitan School District of Martinsville v. Mason* (1983), Ind.App., 451 N.E.2d 349, 353. Accordingly, we deem any other error in the trial court's grant of summary judgment on this count to be waived. *See Matter of the Adoption of Lockmondy* (1976), 168 Ind.App. 563, 343 N.E.2d 793, 796.

---

1. Rice asked the trial court to correct its judgment to reflect that the rhetorical paragraphs of count I had not been withdrawn but alleges no error in the trial court's grant of summary judgment with respect to this count, other than the assertion, offered again in his brief, that the Indiana Tort Claims Act does not apply. *Cf. e.g.*

We determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Smith v. P and B Corp.* (1979), 179 Ind.App. 693, 695, 386 N.E.2d 1232, 1234, *trans. denied.* In determining whether a genuine issue of material fact exists, we accept as true all facts set forth by the non-moving party and resolve all doubts against the movant. *Barnd v. Borst* (1982), Ind.App., 431 N.E.2d 161, 165, *trans. denied; English Coal Co., Inc. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 303, *trans. denied.* Only where there is no dispute as to the material facts or the inferences to be drawn therefrom, and the moving party is entitled to summary judgment as a matter of law, may the court grant such a motion.

### I.

The parties devote their argument on Rice's constitutional claim to the question whether the federal damages remedy provided by 42 U.S.C. § 1983 is the sole means of bringing, in an Indiana state court, a federal constitutional claim alleging a violation of civil rights. We need not consider in this appeal whether a remedy is available in Indiana directly under the federal constitution since it is apparent that in either case, whether pursuant to 42 U.S.C. § 1983 or directly under the Constitution, in order for his fourth count to survive, Rice must still have demonstrated a violation of the underlying constitutional right; that is, he must have shown a deprivation of property without due process of law. *See Daniels v. Williams* (1986), 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662. Inasmuch as the Fourteenth Amendment places procedural constraints only on the actions of government which work a deprivation of interests enjoying the stature of "liberty" or "property" within the meaning of the due process clause, *Memphis Light, Gas & Water Division v. Craft* (1978), 436 U.S. 1,

10, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30, the first step of our analysis is to identify a property or liberty interest entitled to due process protection. *Brock v. Roadway Express, Inc.* (1987), 481 U.S. 252, 107 S.Ct. 1740, 1746, 95 L.Ed.2d 239.

As we read Rice's argument, he claims to enjoy a protected property interest in either a contract for both the Johnson bus and shuttle routes or in the School District's "own procedures for the letting of transportation and fleet contracts." *See* appellant's brief, p. 7. He argues that his "de facto interest" was derived from the general statutory duties of the School District and created by an implied contract. He does not contend in this appeal that he possesses a cognizable *liberty* interest.

We start from the premise that there can be no protected property interest in adherence to established procedure. The categories of substance and procedure are distinct. *Cleveland Board of Education v. Loudermill* (1985), 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494. "Property" cannot be defined by the procedures provided for its deprivation any more than can life or liberty. *Id.* Hence, procedural rules which impose limitations on the exercise of discretion by decision-makers are not themselves "property" interests, *see e.g. Brock v. Roadway Express, Inc.* (1987), 481 U.S. 252, 107 S.Ct. 1740, 1746, n. 2, 95 L.Ed.2d 239 and the mere failure to follow applicable rules or procedures does not, without more, amount to a due process violation.

However, a protected interest may be found in the benefit whose enjoyment is sought to be regulated by the procedure. The Fourteenth Amendment safeguards "the security of interests that a person has already acquired in certain benefits." [2] *Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 577, 92

---

**2.** This language in *Roth* seems to suggest that an individual may only show a protectible property interest by demonstrating that the benefit conferred by state law is one presently enjoyed. We note, however, that in the context of determining whether a Nebraska statute created a liberty interest protected by the due process clause, the court has recognized that an expect-

ancy of release on parole created by the Nebraska statute, i.e. a benefit sought but not yet acquired, is entitled to some measure of constitutional protection. *See Greenholtz v. Inmates of Nebraska Penal and Correction Complex* (1979), 442 U.S. 1, 13, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668.

S.Ct. 2701, 2709, 33 L.Ed.2d 548. To have a property interest in a benefit, a person must have a legitimate claim of entitlement to it, derived from statute, legal rule or mutually explicit understanding and stemming from a source independent of the Constitution such as state law. *Id.* at 578, 92 S.Ct. at 2709; *Perry v. Sindermann* (1972), 408 U.S. 593, 602, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570. A mere unilateral expectation or an abstract need is not a property interest entitled to protection. *Id.; Webb's Fabulous Pharmacies v. Beckwith* (1980), 449 U.S. 155, 162, 101 S.Ct. 446, 451, 66 L.Ed.2d 358.

No Indiana state court, to our knowledge, has recognized the existence of a constitutionally-protected property interest in a government contract sought by a disappointed bidder. However, a number of federal courts have considered the issue.[3]

Were we to apply any of the tests expounded by the federal courts, we would

still be bound to conclude that the facts offered in Rice's deposition establish nothing more than a unilateral expectation or abstract desire on Rice's part.

IND. CODE 20–9.1–2–9 provides that when a transportation or fleet contract is let by a school corporation, it shall be awarded to the lowest responsible bidder. Rice does not allege or present facts establishing that he would have ultimately been entitled to a particular shuttle route. He does not show that he would have been the lowest bidder had he been permitted to bid. Neither does he demonstrate that he was a responsible bidder who complied fully with the School District's specifications and met the requisite standards established by statute. *See* I.C. 20–9.1–3–1 *et seq.* There is thus nothing in the record to discern Rice from any of the others who possessed an interest in obtaining a shuttle contract, and no basis for concluding that Rice's desire for a contract had matured into a legitimate claim of entitlement to one.

---

3. Several courts, including the seventh circuit, have expressed the view that a disappointed bidder has no constitutionally-protected property interest in a government contract until the contract is actually awarded. *See e.g. Coyne–Delany Co., Inc. v. Capital Development Board* (7th Cir.1980), 616 F.2d 341, 342–343; *Estey Corp. v. Matzke* (N.D.Ill.1976), 431 F.Supp. 468 relying upon *Perkins v. Lukens Steel* (1940), 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108; *see also, Sowell's Meats and Services, Inc. v. McSwain* (4th Cir.1986), 788 F.2d 226.

Others have held that applicable state law will not admit a property interest or injury on the part of a bidder who fails to receive a government contract. *See e.g. ARA Services, Inc. v. School District of Pennsylvania* (E.D.Pa.1984), 590 F.Supp. 622; *J.P. Mascaro & Sons, Inc. v. Township of Bristol* (E.D.Pa.1980), 497 F.Supp. 625; *City Communications, Inc. v. City of Detroit* (E.D.Mich.1987), 650 F.Supp. 1570. Indiana, like Arkansas, Michigan and Pennsylvania, has for some time refused to recognize an injury or interest sufficient to confer standing upon a bidder who fails to receive a government contract. Our decisions make clear that the purpose of the bidding statute is not to provide disgruntled bidders with a new cause of action or right to damages for failure to receive a contract, but to protect the public treasury. *See Metropolitan School District of Martinsville*, 451 N.E.2d at 352; *Inman's, Inc. v. City of Greenfield* (1980), Ind.App., 412 N.E.2d 126, 128. Inasmuch as it is the bidder's legal status as a taxpayer which qualifies him to challenge a government contract, and not his individual

stake in the litigation, there is a strong basis for concluding that Indiana law has also foreclosed the recognition of a constitutionally-protected property interest by unsuccessful bidders.

A third set of federal courts has determined that a "narrow" or "limited" property interest may arise in the lowest responsible bidder when he is in full compliance with the specifications of state and local government, and the government in fact has decided to make an award of the contract, *see Teleprompter of Erie, Inc. v. City of Erie* (W.D.Pa.1981), 537 F.Supp. 6; *L & H Sanitation, Inc. v. Lake City Sanitation, Inc.* (8th Cir.1985), 769 F.2d 517; when there is a strictly regulated bidding procedure, the unsuccessful bidder has materially complied with specified procedure but there has been a significant or material noncompliance with the established procedure by the successful bidder, *see Three Rivers Cablevision v. City of Pittsburgh* (W.D.Pa. 1980), 502 F.Supp. 1118; *Kendrick v. City Council of Augusta* (S.D.Ga.1981), 516 F.Supp. 1134; *Douglas N. Higgins, Inc. v. Florida Keys* (S.D.Fa. 1983), 565 F.Supp. 126; or whenever state law limits the exercise of discretion by state officials responsible for conferring the benefit and the plaintiff claims to be the party ultimately entitled under state law. *See, Kasom v. City of Sterling Heights* (E.D.Mich.1985), 600 F.Supp. 1555; *Andersen–Myers Co., Inc. v. Roach* (D.Kan.1987), 660 F.Supp. 106; *Hixon v. Durbin* (E.D.Pa.1983), 560 F.Supp. 654. Finally, we note that one court has held that individuals who have not submitted bids cannot assert a property interest as an unsuccessful bidder. *See L & H Sanitation, Inc., supra.*

Similarly, there is no evidence that Rice acquired a legitimate claim of entitlement by virtue of a mutually explicit understanding.[4] Rice's deposition establishes Rice was led to believe that no shuttle contracts would be awarded at that time, not that he would be one of those to receive one. Furthermore, there is no evidence whatsoever of any words or acts on the part of the School Board which might have fostered such an informal and implicit understanding.

In sum, Rice did not possess a cognizable property interest within the meaning of the Fourteenth Amendment. Accordingly, the Constitution does not obligate the School District to accord Rice procedural due process in its dealings with him.

## II.

Rice alleges in the remaining count of his complaint that the School District's legal notice and oral representations created a "unilateral, quasi or implied contract" which the School District breached. He does not elaborate upon this theory in his brief but argues that the Indiana Tort Claims Act does not provide a basis for concluding that the School District is entitled to summary judgment. We agree with Rice that this count appears to be stating a claim in contract, and not tort. Nonetheless, we must affirm the trial court if its grant of summary judgment is sustainable on any theory or basis found in the record. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157.

In order to have a legally binding contract, there must generally be an offer, acceptance and consideration. *Herald–Telephone v. Fatouros* (1982), Ind.App., 431 N.E.2d 171, 174. It is hornbook law that an advertisement for bids is not an offer; it is at best a request for offers or a request for a reply that will further negotiation in the direction of an offer. *See,* A. Corbin, *Corbin on Contracts* § 24 at 41–42 (1952). A mere request for an offer is not an offer in Indiana. *Helvey v. O'Neill*

(1972), 153 Ind.App. 635, 288 N.E.2d 553, 560.

A review of the legal notice attached to Rice's complaint leads us to conclude that the legal notice published by the School District was nothing more than a request for proposals. It provided that "bid proposals" would be received by the School District until 7:00 p.m. on February 26, 1985 for its consideration, that bid proposals would be "negotiated, denied or awarded," and that the School District reserved the right to reject any bid proposal submitted.

Rice has made no showing that school officials, by their words or conduct, did anything to transform the School District's request for proposals into an outright offer. To the contrary, according to Rice school officials told him that the District would *not* consider proposals on the shuttle routes at that time. We note also that Rice has not alleged facts or introduced any evidence which might indicate that he has conducted himself in such a manner as to have unjustly enriched the School District at his expense.

The facts reveal no promise of a route, no expression of assent, no basis for inferring a contract between Rice and the School District and no basis at law for constructing a quasi contractual obligation. The trial court was correct in granting summary judgment because Rice has not shown that contractual remedy exists.

Judgment affirmed.

RATLIFF, C.J., and MILLER, J., concur.

---

4. Rice does not suggest in his argument that his claim of entitlement arose from the School Dis-

trict's specifications or legal notice. We therefore find no need to discuss them.