ALL–STAR CONSTRUCTION AND
EXCAVATING, INC., Appellant–
Plaintiff below,

v.

BOARD OF PUBLIC WORKS and
City of Kendallville, Appellees–
Defendants below.

No. 57S03–9409–CV–891.

Supreme Court of Indiana.

Sept. 19, 1994.

Robert Owen Vegeler and John W. Bowers, Beers, Mallers, Backs & Salin, Fort Wayne, for appellant.

Jon C. Owen, Kendallville, for appellees.

**ON PETITION TO TRANSFER**

SULLIVAN, Justice.

This case, where an unsuccessful bidder on a public works project protests the award of the project contract to another firm, raises issues similar to those we recently addressed in *Shook Heavy and Envtl. Constr. Group v. City of Kokomo* (1994), Ind., 632 N.E.2d 355. As we did in *Shook,* we resolve the issues here in favor of the City.

The principle facts were not disputed at trial. All–Star Excavating and Construction, Inc. submitted a bid pursuant to a solicitation by the City of Kendallville for the construction of a water main intended to service an economic development project. The solicitation and award of the contract was governed by the provisions of Indiana Code § 36–1–12–4 which requires, *inter alia,* that the con-

tract be awarded to the lowest responsive and responsible bidder.[1] After reviewing the bid packets, the engineer for the City determined that All–Star was the lowest responsive and responsible bidder by $234.30, and recommended that it be awarded the contract. Nonetheless, at a public hearing, the City's Board of Public Works awarded the contract to Soils Engineering and Excavating, Inc. because Soils Engineering was "a local contractor and a minority contractor." The president of Soils Engineering was a woman.

Initially, All–Star sought injunctive relief to preclude the City from proceeding under the contract with Soils Engineering. All–Star later amended its complaint and sought money damages, costs, and attorney fees under two theories: (1) the City committed constructive fraud by awarding the contract to someone other than the lowest responsive and responsible bidder, and (2) the City violated All–Star's rights to equal protection under the law by discriminating against All–Star on the basis of sex. Following a bench trial, the trial court entered judgment in favor of the City of Kendallville.

All–Star appealed and the Court of Appeals affirmed the trial court. *All–Star Constr. and Excavating, Inc. v. Board of Works, City of Kendallville* (1993), Ind.App., 625 N.E.2d 506 (Memorandum Decision in cause number 57A03–9304–CV–118). All–Star now seeks transfer and asks us (1) to determine that it could recover money dam-

ages and not only injunctive relief for the City's refusal to award the bid to All–Star, (2) to determine that it was unlawfully discriminated against by the City, and (3) to enter judgment in its favor.

■ The parties stipulated before trial that All–Star was the lowest responsive and responsible bidder. All–Star contends that the City was absolutely obligated to award the contract to it. The City contends that Indiana Code § 36–1–12–4 allowed it to award the contract to a bidder other than the lowest responsive and responsible so long as it justified its decision in writing. We do not reach this issue of statutory construction, however, because All–Star has no standing to sue the City for any violation of Indiana Code § 36–1–12–4. As we explained in *Shook*, only citizens or taxpayers of the municipality in question may challenge the award of a contract under that statute. 632 N.E.2d at 358. All–Star is neither. There is simply no basis in Indiana upon which All–Star could seek relief under the statute. *Id.* at 360.

■ One need not be a citizen or a taxpayer of the municipality, however, to maintain an action for fraud or collusion in the award of a contract. Ind.Code § 24–1–2–7 (1993). Although All–Star alleged constructive fraud, there was simply no evidence at trial that the City was engaged in fraud or collusion. The trial court appropriately entered judgment for the City. *See Brown v. Brown* (1956),

---

1. The statute in effect at the time the contract was awarded, Indiana Code § 36–1–12–4(a) (1988), provided in pertinent part:

   (8) Except as provided in subsection (c), the board shall:

   (A) Award the contract for public work or improvements to the lowest responsible and responsive bidder; or

   (B) Reject all bids submitted.

   (9) If the board awards the contract to a bidder other than the lowest bidder, the board must state in the minutes or memoranda, at the time the award is made, the factors used to justify the award, and the board shall keep a copy of the minutes or memoranda available for public inspection.

   The statute has since been amended by the addition of new subsections (10) and (11):

   (10) In determining whether a bidder is responsive, the board may consider the following factors:

   (A) Whether the bidder has submitted a bid or quote that conforms in all material respects to the specifications.

   (B) Whether the bidder has submitted a bid that complies specifically with the invitation to bid and the instructions to bidders.

   (C) Whether the bidder has complied with all applicable statutes, ordinances, resolutions, or rules pertaining to the award of a public contract.

   (11) In determining whether a bidder is a responsible bidder, the board may consider the following factors:

   (A) The ability and capacity of the bidder to perform the work.

   (B) The integrity, character, and reputation of the bidder.

   (C) The competence and experience of the bidder.

   Ind.Code § 36–1–12–4 (1993).

235 Ind. 563, 568, 135 N.E.2d 614, 617; *Hardy v. South Bend Sash & Door Co.* (1992), Ind.App., 603 N.E.2d 895, 901.

■ We now turn to All–Star's constitutional claims which it brings under 42 U.S.C. § 1983. Section 1983 creates no substantive rights; it merely provides the procedure for enforcing substantive federal rights. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S.Ct. 1905, 1915–16, 60 L.Ed.2d 508 (1979). Therefore, in order to recover damages under § 1983, a plaintiff must show that he was deprived of a constitutionally protected right. *Culver–Union Township Ambulance v. Steindler* (1994), Ind., 629 N.E.2d 1231, 1233. All–Star asserts two claims based on the United States Constitution: (1) deprivation of property without due process and (2) a violation of the Equal Protection Clause. U.S. Const. amend. XIV, § 1.

■ As to the due process claim, we were confronted with a similar issue in *Shook* where the disappointed bidder contended that it had been deprived of certain state constitutional due process rights. In the absence of any state constitutional law on the subject, we analyzed the issue in terms of the analogous claims sometimes asserted by disappointed bidders pursuant to § 1983 and adopted the reasoning of Judge Robertson writing for the Court of Appeals in *Rice v. Scott County School Dist.* (1988), Ind.App., 526 N.E.2d 1193, 1196–97. *Shook*, 632 N.E.2d at 361. *Rice* held that for a person to have a constitutional right to maintain a cause of action for injury done to the person in the person's property, the plaintiff must have suffered injury to a protected property interest. *Rice*, 526 N.E.2d at 1196. However, while there can be no protected property interest in adherence to established procedure, a protected interest may be found in the benefit whose enjoyment is sought to be regulated by the procedure. *Id.* To have a property interest in a benefit, a person must have a legitimate claim of entitlement to it that is derived from statute, legal rule or mutually explicit understanding. *Id.* at 1197. As in *Rice* and *Shook*, All–Star has no entitlement to that benefit derived from statute, from legal rule, or from mutually explicit understanding.

■ Finally, we reject All–Star's claim that its right to equal protection under the Fourteenth Amendment was violated because the City illegally discriminated against All–Star and in favor of Soils Engineering. The majority of the money for the project was federal. The source was a pass-through program set up by Congress and administered by the United States Department of Housing and Urban Development. In Indiana, in turn, the funds were distributed to local governments as part of a federal community block grant program administered by the Indiana Department of Commerce. Under the direction of Congress, certain guidelines for distribution of the monies were established. One of those guidelines was the goal of ten percent minority participation on all projects. Bidders were informed that contract awards were subject to this requirement, and a Notice of Requirement for Affirmative Action to Insure Equal Employment Opportunity was included in the bidding packet. It was in keeping with this preference for minority participation that the city awarded the contract to Soils Engineering. The constitutionality of such programs that are initiated by Congress has been upheld by the Supreme Court. *See Fullilove v. Klutznick*, 448 U.S. 448, 100 S.Ct. 2758, 65 L.Ed.2d 902 (1980) (Congress is empowered to require minority set-asides on federally-funded construction projects). *Compare City of Richmond v. Croson Co.*, 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989) (the use of quotas by local governments is subject to greater scrutiny). Thus, the discrimination by the City here was constitutionally permitted.

*Conclusion*

Accordingly, we now grant transfer and affirm the judgment of the trial court in favor of the City of Kendallville.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

DICKSON, J., concurs in result without separate opinion.