816 P.2d 247

**GRAND CANYON PIPELINES, INC., an Arizona corporation and R.G. Johnson Contracting, Inc., an Arizona corporation, a Joint Venture, an Arizona Joint Venture, Plaintiffs–Appellants,**

v.

**CITY OF TEMPE, a municipal corporation, Defendant–Appellee.**

No. 1 CA–CV 89–343.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 28, 1991.

Review Denied Sept. 24, 1991.

Craig L. Keller & Associates, Ltd. by Craig L. Keller and Bruce A. Smidt, Phoenix, for plaintiffs-appellants.

David R. Merkel, City Atty., Tempe, for defendant-appellee.

## OPINION

TAYLOR, Presiding Judge.

On appeal, Grand Canyon Pipelines, Inc. and R.G. Johnson Contracting, Inc., an Arizona joint venture, (hereinafter "Plaintiff") seeks to have this court recognize a claim for damages for the alleged violation of its procedural due process rights based upon the failure of the City of Tempe ("City") to award it a public works contract. Because we hold that a bidder on a public contract has no protected property interest in the award of the contract, and, therefore, no ground for a procedural due process claim under the fourteenth amendment to the United States Constitution, we affirm the trial court's dismissal of this action.

## PROCEDURAL HISTORY

Plaintiff in this case filed a complaint in superior court claiming that it was the lowest responsible bidder on a public works construction project (the "Project") for the City and that the City awarded the contract to the second lowest bidder without a hearing sufficient to protect plaintiff's constitutional due process rights. Plaintiff requested consequential and compensatory damages.

In its answer, the City denied that plaintiff was the lowest responsible bidder on the contract. The City also raised a number of defenses, including *res judicata* and collateral estoppel. The City thereafter filed a motion to dismiss under Rules 12 and 56, Arizona Rules of Civil Procedure, arguing that 1) Arizona law does not recognize a claim for lost profits by a contractor and 2) *res judicata* barred this action because plaintiff's right to the award of the contract had been previously litigated by special action. Attached as exhibits to this motion were copies of the judgment in the special action and the Arizona Supreme Court's order denying special action relief staying the performance of the contract. In its response, plaintiff argued that *res judicata* did not apply in this case because plaintiff was asserting a different cause of action subject to a different standard of review and that it was making a claim not raisable by special action. The trial court granted the motion to dismiss on the ground that a bidder on a public contract could not recover damages for a municipality's failure to award it a public works contract.

On appeal, plaintiff argues that the trial court's granting the motion to dismiss was error because the complaint stated a valid claim for a violation of plaintiff's procedural due process rights under the fourteenth amendment of the United States Constitution and an award of damages was appropriate for that violation. In our review of the motion to dismiss, we assume the allegations of the complaint to be true and will uphold the dismissal only if plaintiff is not entitled to any relief under the facts stated in the complaint. Rule 12(b)(6); *Donnelly Construction Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 186, 677 P.2d 1292, 1294 (1984).

## NO PROPERTY RIGHT IN AWARD OF CONTRACT

[1] Plaintiff claims that it was the lowest responsible bidder on the Project, and that the City violated plaintiff's constitutional due process right[1] to an adequate hearing before determining it was not a responsible bidder. *See Haughton Elevator Division v. State*, 367 So.2d 1161 (La. 1979). The City argues that although no formal "hearing" was conducted prior to the City staff reaching its recommendation, a staff evaluation of plaintiff's experience, resources and performance record was conducted and that this evaluation involved consultation with its independent engineers, as well as meetings with representatives of plaintiff. Based upon the staff's concerns of what it determined to be inadequate equipment, lack of expertise and shortage of backup resources on the part of plaintiff, it recommended to the City Council that the contract be awarded to the next lowest bidder. Following discussion and approval by the City Council, the contract was awarded pursuant to the recommendation.

To make a valid procedural due process claim, plaintiff must show that the City deprived it of a protected liberty or property interest without following adequate procedural safeguards. *Zinermon v. Burch*, 494 U.S. 113, 125–126, 110 S.Ct. 975, 983, 108 L.Ed.2d 100, 114 (1990). *See also Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556–57 (1972); *Deuel v. Arizona State School for Deaf and Blind*, 165 Ariz. 524, 526, 799 P.2d 865, 867 (App.1990). The constitution does not impose procedural limitations on the City's actions in the absence of the intentional deprivation of a protected liberty or property interest and does not create such interests in established procedures. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Leis v. Flynt*, 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979); *Rice v. Scott County School District*, 526 N.E.2d 1193 (Ind.App. 1988). Plaintiff makes no claim that the City deprived it of a liberty interest; therefore, we consider only whether the City deprived plaintiff of a constitutionally protected property interest.

In this case, plaintiff claims it had a cognizable property interest in the award of the public works construction contract for which it was the lowest responsible bidder. An expectation in the award is not a cognizable property interest. Rather plaintiff must show that it had a "legitimate claim of entitlement" arising under independent sources, such as state law, that support the claim of entitlement. *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. *Accord, Rice*, 526 N.E.2d at 1196–97; *Haughton*, 367 So.2d at 1165. A "legitimate claim of entitlement" may arise from state and local statutes and regulations.

1. Procedural due process claims of disappointed bidders on public contracts are frequently made under the federal civil rights statute, 42 U.S.C. § 1983. *See, e.g., L & H Sanitation, Inc. v. Lake City Sanitation, Inc.*, 769 F.2d 517 (8th Cir.1985); *Sowell's Meats & Services, Inc. v. McSwain*, 788 F.2d 226 (4th Cir.1986). *See also* Annot., *Standing of Disappointed Bidder on Public Contract to Seek Damages Under 42 U.S.C.S. § 1983 for Public Authorities' Alleged Violation of Bidding Procedures*, 86 A.L.R.Fed. 904 (1988). The underlying procedural due process claim is the same whether raised as a claim arising directly out of the constitution, as in this case, or under section 1983. *See Rice v. Scott County School District*, 526 N.E.2d 1193, 1196 (Ind.App.1988). *Cf. Morgan v. City of Phoenix*, 162 Ariz. 581, 785 P.2d 101 (App.1989) (procedural due process claim under 42 U.S.C. § 1983 denied as adequate state law remedy available).

*See Board of Pardons v. Allen,* 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Teleprompter of Erie, Inc. v. City of Erie,* 567 F.Supp. 1277 (W.D.Pa.1983). We find no such legitimate claim of entitlement, however, under Arizona law.

■ Arizona statutes require a municipality to make public work improvements through the competitive bidding process. A.R.S. §§ 34–201 to –226; *Achen–Gardner, Inc. v. Superior Court,* 167 Ariz. 536, 809 P.2d 961 (Ct.App.1990) (petition for review pending). The statutes require a municipality to award the contract to "the lowest responsible bidder whose proposal is satisfactory." A.R.S. § 34–221. Arizona law recognizes a public body's discretion to reject all bids, A.R.S. § 34–201(A)(4), but once the public body determines that it will accept a bid and award the contract, it must award the public works contract to the responsible bidder submitting the lowest satisfactory bid. *City of Phoenix v. Wittman Contracting Co.,* 20 Ariz.App. 1, 5, 509 P.2d 1038, 1042 (1973); *cf. Brown v. City of Phoenix,* 77 Ariz. 368, 372–73, 272 P.2d 358, 361 (1954) (reviewing decision by city council where city charter provision required grant of public leases to highest responsible bidder). The public body's discretion to make determinations about whether a particular bidder is responsible is limited in that its decision must not be arbitrary. *Brown,* 77 Ariz. at 375–76, 272 P.2d at 363–64.

Some jurisdictions have held that state statutes requiring a public body to award a contract to the lowest responsible bidder give the bidder a legitimate claim of entitlement to the award of the contract. *Three Rivers Cable Vision v. City of Pittsburgh,* 502 F.Supp. 1118 (W.D.Pa.1980); *Haughton,* 367 So.2d 1161 (applying Louisiana law). *See also L & H Sanitation, Inc. v. Lake City Sanitation, Inc.,* 769 F.2d 517 (8th Cir.1985) (applying Arkansas law) (recognizing property interest under state law, but not finding it in a case of a bidder submitting a conditional bid); *Andersen–Myers Co., Inc. v. Roach,* 660 F.Supp. 106 (D.Kan.1987).

■ Arizona's statutes, however, have been interpreted to create no private rights in a bidder, but to exist only to protect the public. *Cf. City of Scottsdale v. Deem,* 27 Ariz.App. 480, 482, 556 P.2d 328, 330 (1976). In *Deem,* the plaintiff contractor was denied the statutory 5% taxpayer preference over the successful out-of-state bidder. The contractor sued the City of Scottsdale for lost profits and prevailed in the trial court. On appeal, the judgment was reversed. Finding that the preference statute applied, the court addressed the question of whether a contractor is entitled to damages for lost profits when unjustifiably denied a contract award as the lowest responsible bidder on a public contract. In holding the contractor was not entitled to damages, the *Deem* court adopted the prevailing rule that "the authority for letting public contracts is derived for the public benefit and is not intended as a direct benefit to the contractor." The court then suggested that the contractor's proper remedy was to promptly bring a special action to compel the public body to award the contract in compliance with state law.

Plaintiffs here argue that they diligently pursued relief by special action, that they are not seeking lost profits, and that they suffered damages by virtue of the failure of the City to afford them an adequate hearing.

The weakness of their position is apparent. No property rights were acquired by the unsuccessful pursuit of the special action proceedings. Further, if there is no right to damages for lost profits to a contractor unjustly denied a contract award, it follows that there is no right to damages for an alleged procedural due process violation in respect to the awarding process. Without an underlying recognized protected interest, a procedural due process claim will not stand. *Deuel,* 165 Ariz. at 526, 799 P.2d at 867.

We hold, therefore, that Arizona follows those jurisdictions that find a bidder has no claim of entitlement to a public works contract and, therefore, no property interest in the contract. *See, e.g., Sowell's Meats & Services, Inc. v. McSwain,* 788 F.2d 226 (4th Cir.1986) (applying South Carolina law); *Coyne–Delany Co., Inc. v. Capital*

*Development Board,* 616 F.2d 341 (7th Cir. 1980) (applying Illinois law); *City Communications, Inc. v. City of Detroit,* 650 F.Supp. 1570 (E.D.Mich.1987); *ARA Services, Inc. v. School District of Philadelphia,* 590 F.Supp. 622 (E.D.Pa.1984) (disagreeing with *Three Rivers* holding by Western District Court of Pennsylvania); *Kendrick v. City Council of Augusta, Georgia,* 516 F.Supp. 1134 (S.D.Ga.1981); *Estey Corp. v. Matzke,* 431 F.Supp. 468 (N.D.Ill.1976); *Rice,* 526 N.E.2d 1193 (applying Indiana law); *Teton Plumbing & Heating, Inc. v. Board of Trustees,* 763 P.2d 843 (Wyo.1988). Because plaintiff has shown no protected property interest in the award of the contract cognizable under Arizona law, its complaint has stated no procedural due process claim. Dismissal of the complaint, therefore, was appropriate.

We affirm the trial court's order dismissing this suit. Although the City requests attorney's fees for answering this appeal, it has provided the court with no argument or citation to authority to support such an award. In the exercise of our discretion, we decline to award fees in this case.

CONTRERAS and LANKFORD, JJ., concur.